UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **99-2804**

**CIV-GRAHAM**

MAGISTRATE
TURNOFF

YVONNE WEINSTEIN,

    Plaintiff,

v.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, AND MARIA VALLE,
individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, YVONNE WEINSTEIN, by her attorneys, sues the Defendants, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and MARIA VALLE, individually, for her complaint states:

### PARTIES

1. YVONNE WEINSTEIN ("WEINSTEIN") is an individual born on July 14, 1945, and is presently employed as a classroom teacher for the SCHOOL BOARD OF MIAMI-DADE COUNTY ("SCHOOL BOARD"). Plaintiff is employed in a program which receives federal public funds.

2. Defendant, SCHOOL BOARD, is a duly constituted public school District within the State of Florida, covering Miami-Dade County, Florida. School Board receives federal public funds.

3. Defendant, MARIA VALLE, is an individual serving as principal of Miami Heights Elementary in Miami-Dade County, Florida.



## JURISDICTION

4. This action arises under the provisions of 42 U.S.C. §1983, an Act of Congress which provides for the protection of civil rights, the Rehabilitation Act of 1973, the Age Discrimination in Employment Act, the Florida Civil Rights Act and under Section 112.044 of the Florida Statutes.

5. Jurisdiction is based upon the provisions of Title 28 U.S.C. §1331 and §1343 in that the cause arises under provisions of federal legislation providing for the protection of civil rights.

6. The Court has jurisdiction over the state claims pursuant to its supplemental jurisdiction.

## GENERAL ALLEGATIONS

7. Since 1968, Plaintiff has been continuously employed, except for a one-year leave of absence, as a classroom teacher in the Miami-Dade County Public Schools.

8. Plaintiff has always carried out her duties in a satisfactory fashion.

9. For the academic year 1997-1998, Plaintiff received a satisfactory performance review in all respects.

10. At the beginning of calendar year 1998, Defendant Valle, the principal at Miami Heights Elementary determined, without any professional training or otherwise, that the Plaintiff was mentally unfit to serve as a teacher. The true motivations of VALLE were to replace the Plaintiff as a second grade teacher with a younger teacher. VALLE and DCPS accomplished this by referring the Plaintiff for a fitness for duty examination to School Board psychologists.

11. Plaintiff has submitted to a course of counseling and has been found fit to

return to duties as a elementary school teacher by her treating professionals. Notwithstanding such a determination, the School Board's psychologists, in the absence of objective data from standardized testing, has determined her to be "overly defensive" and "prone to fantasy," and other non-specific determinations of unfitness.

12. To the extent that the Plaintiff is suffering from a disabling mental condition, transferring her to a different school can accommodate this condition according to Plaintiff's psychologists. Notwithstanding the determinations of the treating psychologists, the School Board of Miami-Dade County has moved to separate the Plaintiff from employment on the basis of this supposed disability, which must be described as a perceived disability or handicap under the Rehabilitation Act and the Florida Civil Rights Act.

13. The School Board has acted on the basis of this perceived disability in part because of the deliberately inaccurate information given to the School Board psychologists by VALLE. VALLE has related certain anecdotes taken entirely out of context in an effort to deprive Plaintiff of her employment. These anecdotes taken either individually or as a whole completely fail to indicate any type of mental pathology.

14. The School Board has further discriminated against the Plaintiff on account of her age, replacing her with substantially younger teachers and has refused to provide reasonable accommodation as specified by her psychologist's position.

## COUNT I  - REHABILITATION ACT OF 1973

15. Plaintiff readopts and realleges paragraphs 1-14 above as if fully set forth herein.

16.  The School Board has discriminated against Plaintiff on account of its perception that she suffers from a mental disability so severe as to be inconsistent with the major life activity of working as a public school teacher.

17.  This discrimination is in violation of Rehab act and FCRA.

## COUNT II – AGE DISCRIMINATION

18.  Plaintiff readopts and realleges paragraphs 1-14 above as if fully set forth herein.

19.  The School Board has discriminated against Plaintiff on account of her age, and replaced her with a lesser qualified younger teacher.

20.  This discrimination is in violation of ADEA §112.044 and FCRA.

## COUNT III – §1983

21.  Plaintiff readopts and realleges paragraphs 1-14 above as if fully set forth herein.

22.  Defendant VALLE under color of law and utilizing the laws available to her as a principal, has sought to deprive Plaintiff of her constitutionally protected property interest in employment.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

(a)  for compensatory damages against Defendants at an amount provided at trial;

(b)  for the costs of this action, attorneys' fees and such other and further relief as the court may deem necessary and proper;

(c)  for punitive damages against VALLE individually.

(d)  for reinstatement of Plaintiff's employment and restoration of all benefits

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

                                              G. WARE CORNELL, JR., P.A.
                                              Attorneys for Plaintiff
                                              P.O. Box 14633
                                              Ft. Lauderdale, FL 33302
                                              (954) 524-2703

                                              BY: _____

                                              G. WARE CORNELL, JR.
                                              Florida Bar No.: 203920
                                              Arianne Bombalier Suarez
                                              Florida Bar No. 143529

# JS 44 (Rev.) CIVIL COVER SHEET

99-2804 CIV-GRAHAM

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Yvonne Weinstein

## DEFENDANTS
The School Board of Miami-Dade County, Florida, and Maria Valle, individually

MAGISTRATE TURNOFF

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
G. Ware Cornell, Jr. P.A. (954) 524-2703
P.O. Box 14633
Ft. Lauderdale, FL 33302

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE BROWARD PALM BEACH MARTIN ST. LUCIE INDIAN RIVER OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

CIVIL RIGHTS: ☒ 442 Employment

## VI. CAUSE OF ACTION
42 U.S.C. §1983; Rehabilitation Act of 1973, Age Discrimination in Employment Act, the Florida Rights Act and Section 112.044 Florida Statutes

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ___
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
JUDGE ___ DOCKET NUMBER ___

DATE: 10/19/99
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 1M552  AMOUNT $150.  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___
10-19-99